The District Court in the case of Keanan Bond committed reversible error because it relied on the erroneous factual and legal premise that the written plea agreement weighed against granting compassionate release, even though the plea agreement did not contain a waiver for compassionate release motions. Was the District Court permitted to look at the plea agreement? Yes, because that is part of the sentencing that you can do, or the sentencing review that you can do. He was entitled to look at it, to review it, to consider it. What was he not entitled to do? Well, it's our position that the court gave undue weight to the plea agreement, because basically the District Court would not reduce the sentence in this case because it did not want to invalidate or disturb the written plea agreement entered into by the parties. The court did, however, find that Mr. Bond's excessive sentence of 32 years compared to the mandatory minimum of today, which is 14 years, does constitute an extraordinary and compelling reason for release. The order states that Mr. Bond's sentence will not be reduced because the 3553A factors weigh against it. First, it states that Mr. Bond negotiated a favorable plea agreement. Second, it states that Mr. Bond received the exact sentence he bargained for in the plea agreement. The court declined to disturb what it called the parties' carefully negotiated agreement. The problem is that the District Court gave improper weight to a plea agreement that did not negotiate away the right to file a compassionate release motion. If one looks at the actual order, about 20 lines are dedicated to discussing the plea agreement. In the essence of a plea agreement, you exchange a certainty of a present benefit and you accept the risk that in the future you might have to forego the emergence of a new development. That's the whole philosophy behind plea agreements, present certainty in exchange for a future risk that something might come along that you can't take advantage of. However, the analysis conducted by the court in this particular case essentially nullifies the changes that Congress enacted in the First Step Act of 2018. When Congress enacted the First Step Act, it wasn't thinking about any one particular case. It was thinking more broadly about judges' ability to grant compassionate relief when appropriate. Ultimately, the District Court, even after finding that there were extraordinary circumstances in this case, was then entitled to look and consider whether or not the 3553A factors. You've conceded that the plea agreement is a relevant consideration. So what was it that the District Court did wrong in considering the fact that, as Judge Wilkinson pointed out, your client, way back when, negotiated a plea agreement which allowed him to avoid liability on other misconduct in exchange for a favorable limitation with respect to the sentence? Why can't the court consider all of that in deciding that, at least with respect to this defendant, notwithstanding that there was a finding of extraordinary circumstances warranting at least a look at whether or not to modify the sentence, that it simply wasn't appropriate in this case? Well, the thing is, the court gave undue weight. What does that mean? What do you mean by that? So if one were to look at, for example, the scales, two scales, the court focused almost 75% of its decision on the plea agreement, on what was negotiated. So it gave so much greater weight to the plea agreement and what counts were later dismissed versus the actual individualized factors of the defendant. No, I don't think so. I mean, the court made the comment that the plea agreement, notwithstanding the plea agreement, represented a belief as to what the appropriate sentence was, which was 32 years, and it could have been negotiated 10 years ago or 10 years in the future. 32 years was the appropriate sentence, and you got a huge benefit out of the plea agreement. And now you're wanting not only the huge benefit, but you're wanting another benefit on top of it all. And this is even given the fact that the district court, when it considered the 3553A factors, said that even if you find extraordinary and compelling reasons for confession and release, you still have to consider the 3553A factors. And those factors included, most prominently in the district court's mind, the spree of armed robberies that this individual participated in, appointing guidance to all clerks and customers, and appointing guidance to customers, and an officer went ahead and demanded to know who was in the vehicle. He parked outside, and the man responded that his wife and child were in the vehicle. So he goes out and holds the wife and child at gunpoint while robbing the wife of her cell phone in cash. And the severity of the crime, the need to deter the future, the need to protect society, lie right at the heart of the 3553A factors. And putting the plea agreement to one side. I don't think the district court was wrong in considering the plea agreement. In sentencing, you have a wide range of factors you can consider. But what you're asking for is benefit way above and beyond the considerable benefit that you received in the plea agreement. Well, I would disagree, Your Honor, respectfully. The only reason that the plea in 2018 looked favorable was because the law at the time, if Mr. Bond had been convicted of all his counts, would have been over 1,000 months or approximately 88 years in prison. But Congress changed the stacking law because it was unjust and unfair. But that wouldn't have stopped the district court even then from considering the other conduct at the original sentencing. If there had been no plea agreement, there still would have been wide consideration of the defendant's actual conduct, right? Correct. But the danger in what happened in this particular case is putting undue weight onto a negotiated plea agreement. Because in the end, that is what the court focused on. This is the plea the parties negotiated. And its net effect is that it nullifies the goal of Congress when it implemented the First Step Act, because pre-First Step Act concerning 924C had, with the mandatory minimums, it was 5 to 10 years for the first count plus 25 consecutive years for the second and subsequent charges if they were all obtained in the same case. The First Step Act ended the stacking and now the 25-year mandatory minimum applies only when a prior 924C conviction arises from a separate case that has already become final. And what Congress intended with the First Step Act is even recognized by the March 11, 2022, memorandum of Deputy Attorney General Monaco to all federal prosecutors where it stated that plea agreements should not require broad waivers of the right to file a compassionate release motion under 3582C1A. This is in the supplemental authority letter filed by Mr. Bond regarding the case of U.S. v. Blount,  Blount is further support and has additional information for the court to review. I want to point out that the government had an opportunity to respond to that filing and it didn't. If it had a different view, it could have filed a response. It's our position that the decision to uphold the decision of the district court in this case is to essentially deny compassionate release motions on the basis of a general waiver of post-conviction rights in a written plea agreement. Well, did the district court consider the other statutory factors? So, very briefly, I would say, I've counted the lines, about 20 lines were dedicated to analyzing the plea agreement and the benefit to the defendant. And then about nine lines or a little less was dedicated to the actual enumerated factors of individually assessing. Well, the judge here had been the judge, the original judge. Correct. So the judge presumably knew the case better than you do or I do. Right? Right. I would not disagree with that. But what we're asking is to place some restrictions on going back to an analysis of the negotiated plea agreements. Because without restrictions, the courts could just basically ignore the congressional intent of this First Step Act. Well, your position is not that the court cannot consider the plea agreement. Correct. Is that right? Correct. That is not my position. The court can consider the plea agreement. It can. But what we're asking for is some guidance as to how much weight. Because in this particular case, again, 75% of the analysis was relegated to what was given up. And again, how it may have benefited the defendant only applied because in 2018, he was looking at a potential sentence of over 1,000 months. It's up to district courts to assign weight to evidence. And you say, well, there's no bar to considering the plea agreement that the district court just attached undue weight to it. But the whole process of attaching weight, relative weight to evidence, that's what district courts do. But what about when you run into the situation if a judge is not in agreement with the statute, as apparently they're not with this First Step Act and the changes to 924C, and decide to use that to nullify congressional intent? Well, I mean, there's no evidence of that, right? The court conceded, agreed that your client was eligible, at least initially, for some relief. But then, as Judge Wilkinson points out, weighted the relevant factors in a way that you find offensive, but in a way that we find difficult to try to suggest otherwise. I mean, ultimately, it's the district court's decision. Well, Congress did change the stacking of 924C counts. And the fact of the matter also is that the judge, if this case were to be vacated, or the order to be vacated and the case remanded back to the district court, if the district court believes that a 32-year sentence is still warranted, she can always upwardly depart and then explain the reasons for the upward departure. No one is taking that away. What we're asking is for guidance on these compassionate release motions, because other courts will be deciding these motions and putting so much weight on what is the value of a contract when it was negotiated compared to what Congress intended is in conflict and what is happening that this would basically make the First Step Act ineffective. Oh, I read her opinion as recognizing First Step. I mean, that's what the first part of the analysis is. Have you read Justice Sotomayor's, I think, unanimous opinion on sentencing, recent opinion? Yes, in Concepcion. Yeah, and she says that this is really up to the sentencing court. That's the whole basis. Consider all of these things, right? It seems to me that it pretty much forecloses the argument you're making here. You were worried about emphasis, but I think that Justice Sotomayor told us that, I think it was unanimous, that this is problems with the sentencing court. Right, but the issue in that case was not similar to this. In that case, the specific issue was whether a district court that was adjudicating a motion under the First Step Act could consider the other intervening changes of law, such as changes in the sentencing guidelines or changes of fact, such as behavior in prison. It held that it may. And so, again, in discussing discretion, that decision discussed evidence of rehabilitation, disciplinary infractions, or unrelated guideline changes. The issue was not whether, or it did not involve the proper way a district court can place on a plea agreement. I do understand that. I really do. But the basis, the guiding line to that opinion was the discretion that the sentencing court has. Would you disagree with that? No. And it's our position that the judge abused that discretion by putting undue weight. Thank you. Thank you. Good morning. May it please the court, Christine Fritz, on behalf of the United States, asking you to affirm the judgment of the district court today. A district court may consider all relevant evidence. Is there anything that we've overlooked in our questioning of Collins? No, I think that the questioning thoroughly reflects this court's understanding of the issues and the broad discretion afforded to the district court. I would simply like to respond briefly to one point made by my opposing counsel, which was that the government's failure to respond to the 28-J letter. Our understanding of a Rule 28-J letter is that its purpose is to bring pertinent authorities that have been overlooked to this court's attention. We don't think it's an appropriate use of a 28-J letter to attempt to incorporate briefing and arguments that were made by another defendant in another case. So our position is that the arguments properly before this court are the ones that were raised in the opening brief, and we think that this court Do we even have law about that? Yes, that is true. Yes, but to the extent that there might be some inference that we waived anything, I wanted to make sure that I was on the record expressing my disagreement with that point. We think that the district court here did a thorough job, conducted a holistic assessment, and it should be affirmed because it was a proper exercise of discretion. Thank you. Again, Your Honors, I know you understand my position. Again, I just want to say that I feel that in this case, the district court gave undue weight to the plea agreement and looked too much at what the law was at the time. Congress has changed it, and if this case is remanded back to the court, the judge can always grant an upward departure. Thank you. All right, we thank you, and I see that you are court-appointed. And I want to express to you, or Anita, I want to express the court's thanks to you for your argument and the preparation you devoted to it. Thank you so much, and thank you both. And again, we're sorry we can't come down and greet you. Thank you, Your Honor.
judges: J. Harvie Wilkinson III, Albert Diaz, Diana Gribbon Motz